SELMA MOLL, Respondent, *v.* NIAGARA GORGE RAILROAD COMPANY, Defendant, Impleaded with INTERNATIONAL RAILWAY COMPANY, Appellant.

CARL MOLL, Respondent, *v.* NIAGARA GORGE RAILROAD COMPANY, Defendant, Impleaded with INTERNATIONAL RAILWAY COMPANY, Appellant.

Fourth Department, June 2, 1933.

*Franchot, Runals, Cohen, Taylor & Rickert* [*Thomas G. Rickert,* of counsel], for the appellant.

*Franklin C. Wisbaum* [*Raymond A. Knowles* of counsel], for the respondents.

CROSBY, J. Mrs. Moll was accidentally injured while alighting from a car owned and operated by the appealing defendant. Mr. Moll's action is derived from the injury to his wife. Plaintiffs submitted to a voluntary nonsuit as to the Niagara Gorge Railroad Company. Mrs. Moll recovered a verdict of $950, and Mr. Moll one for $450 against the defendant International Railway Company. The appeals are from judgments entered on these verdicts.

The plaintiffs were taking a pleasure ride over the so-called Gorge route, which carried them into the Province of Ontario, Canada. They had with them their eight-year-old daughter Helga, and a guest named Marie Lincet. These four people are the only ones who, on behalf of plaintiffs, give any testimony regarding the accident.

The Molls are Germans and had taken out their first naturalization papers in this country. Mr. Moll had forgotten his passport on the

day in question. Mr. and Mrs. Moll, with their daughter and guest, boarded defendant's open car at the station in Niagara Falls, and proceeded across the International bridge where a Canadian immigration official, learning that the Molls were not American citizens, asked to see their passports. Mr. Moll could not exhibit his, and was told that he would have to come into the official's office for further examination. As he proceeded to do so, Mrs. Moll decided to dismount and go with her husband. In alighting she slipped on the step of the car and was injured.

It is alleged in the complaints that defendant was negligent in three respects: (1) That its conductor unduly hurried Mrs. Moll about alighting and thereby caused her to fall; (2) that the car step was improperly constructed, and (3) that defendant neglected " to keep said steps free from grease and other slippery substances," etc. There was no proof to support the first two allegations of negligence, and the trial court properly, and without exception, decided not to submit to the jury any questions of defendant's negligence in respect of the first two allegations. In respect to the third allegation of negligence, the trial court refused to nonsuit, or to direct a verdict for defendant, but charged, without exception, as follows: " That there is no evidence that any employee of the International Railway Company or anybody for whom it is directly responsible, had anything to do with putting any foreign substance on that step."

Also, " that if the jury find that anything was on the step, if it got on there through the act of someone for whom the International Railway Company is not responsible, then it shall not find the air-road negligent unless it finds either that the railroad had through its conductor or its other employees, had actual knowledge that a foreign substance was there and had an adequate and reasonable opportunity to remove it, or else that it should have knowledge in the exercise of reasonable care and should have had time to have it removed."

No fault was found with this charge, and it is in accord with the authorities: (*Idel* v. *Mitchell*, 158 N. Y. 134, 138; *Dudley* v. *Abraham*, 122 App. Div. 480; *Reeves* v. *Fourteenth Street Store*, 110 id. 735, 737; *Mona* v. *Erion*, 223 id. 526; *Devine* v. *Empire State Railroad Corp.*, 220 id. 466.)

I have searched the testimony of the plaintiffs and their witnesses in vain for a scintilla of evidence that any foreign substance was placed on the car step by the defendant or its servants, or that it was there for a sufficient length of time for the defendant to know about it and remove it. When the plaintiffs and their daughter and guest entered this car they used this same step, and all four testified that they saw nothing on the step as they boarded the car.

The little girl said she did not look to see if anything was on the step, but the other three witnesses repeatedly testified that, as they boarded the car, they looked at the step and that they saw nothing on it. Within about five minutes, or at most ten, the car was on the Canadian side of the river and the accident happened. Under the rule as correctly stated in the charge, and as laid down in the authorities cited above, the facts in this case, as testified to by plaintiffs and their own witnesses, do not charge defendant with any liability.

The judgments should be reversed on the law, with costs, and the complaints dismissed.

All concur.

In each case judgment and order reversed on the law, with costs, and complaint dismissed, with costs.